UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-24626-KMW

**ESTES EXPRESS LINES,**

   Plaintiff,

v.

**HOMECLICK, LLC,**

   Defendant.

**MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, ESTES EXPRESS LINES ("Estes"), by and through undersigned counsel, hereby files its Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, and would respectfully show the court as follows:

**Count I Breach of Contract is Well-Pled**

Defendant's motion to dismiss is so poorly taken that it should warrant sanctions in additional to a forceful denial. Defendant moves to dismiss Count I on the sole basis that the Plaintiff did not attach the various pricing agreements and more than five hundred bills of lading. Defendant apparently believes that it is practicing in state court or that Rule 1.130 Florida Rules of Civil Procedure should apply to this case. However the applicable federal rule, Rule 8, merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10, FRCP, permits attachment but contains no affirmative requirement to do so.

Homeclick fails to cite any case supporting its theory. Instead it merely cites Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 664-665 (11th. Cir. 2015), which does not require the attachment of a contract to any cause of action for breach as Defendant claims. Instead, that case holds that there must be an allegation as to what contractual provision was breached. Id. at 664 ("plaintiffs made vague references to a breach, but they never identified the contract provision that formed the basis of their claims."). Burgess does not support Defendant's argument.

Here, Count I plainly advises Defendant that the term of the contracts which was breached was the promise to pay the freight charges - a rather simple and straightforward allegation of breach. Nothing further than this short and plain statement showing that the Plaintiff is entitled to relief is required. Plaintiff alleged that Defendant agreed to the pricing, tendered shipments for transportation pursuant to those pricing agreements, and then failed to pay the agreed upon freight charges. See Am.Comp ¶10, 11, 18.

In federal court, a plaintiff need not attach a copy of the contract to its complaint for breach of contract. Cement Masons' Pension Funds, Local 502 & 362 V. Drake Concrete Constr. Co., No. 85 C 6312, 1986 U.S. Dist. LEXIS 26903 (N.D. Ill. Apr. 10, 1986) ("The contract need not be attached as an exhibit or quoted."); Diversified Constr. of WNY, Inc. v. Sheds USA, Inc., No. 04-CV-0739E(Sc), 2005 U.S. Dist. LEXIS 45473 (W.D.N.Y. May 25, 2005) ("a plaintiff need not attach a copy of a contract"); Merrill Lynch, Pierce, Fenner & Smith, P.C. v. Greystone Servicing Corp., No. 3:06-CV-0575-P, 2007 U.S. Dist. LEXIS 69235 (N.D. Tex. Sep. 18, 2007) ("Neither the federal rules nor the form cited by South Side state that a plaintiff must plead the contract terms verbatim or attach the contract as an exhibit to its complaint.").

**Defendant Argues for the Abolishment of Alternative Pleading**

Defendant has argued, in essence, that a plaintiff may never plead breach of contract and quantum meruit in the same complaint.[1] The Defendant then continues to play fast and loose with law and facts by relying upon cases such as <u>McIntyre v. Marriott Ownership Resorts, Inc.</u>, Civil Action No. 13-80184-Civ-Scola, 2015 U.S. Dist. LEXIS 3681 (S.D. Fla. Jan. 13, 2015). <u>McIntyre</u> merely provides that if a defendant has admitted to the existence, binding nature, and authenticity of a contract between the parties, that a count for *unjust enrichment* may be subject to adverse judgement or dismissal. Estes has not alleged unjust enrichment, but rather, quantum meruit. Moreover here, not only has Homeclick not admitted to the existence, binding nature, and authenticity of the contracts between the parties, it has moved to dismiss the breach of contract count. Simply stated, Defendant's counsel wants to have it both ways, and attempts to mislead the court to reach those ends.

Defendant also relies upon <u>Alhassid v. Bank of Am., N.A.</u>, 60 F. Supp. 3d 1302 (S.D. Fla. 2014), which makes no mention of quantum meruit. Instead that case discusses unjust enrichment, and like <u>McIntyre</u> requires a finding by the court or stipulation by the Defendant as to the validity of the contract in order to make such a ruling. <u>Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.</u>, 789 F. Supp. 2d 1311 (S.D. Fla. 2011) specifically points out what Homeclick tries to ignore or distort - that even an unjust enrichment claim cannot be dismissed as an alternative pleading unless

---

[1] "Neither a claim for quantum meruit nor a claim for Open Account may be maintained when there are express contracts between the parties governing their relationship." Defendant's motion to dismiss, ¶5.

there is a "contract that no party challenges." Id. at 1317.  Here, Homeclick had undeniably challenged the breach of contract count by moving to dismiss it.

The holding in Sierra Equity Grp., Inc. v. White Oak Equity, LLC, 650 F. Supp. 2d 1213 (S.D. Fla. 2009), succinctly speaks to Homeclick's arguments here:

> Defendants' argument ignores the basic tenet of alternative pleading under Rule 8(d)(2) of the Federal Rules of Civil Procedure. Manicini Enterprises, Inc. v. American Exp. Co., 236 F.R.D. 695, 698-99 (S.D. Fla. 2006). While Sierra can only recover once for the same actual damages, regardless of the number of alternative theories presented, it is not barred against pleading unjust enrichment simply because it has also plead breach of contract in Count I. "Until an express contract is proven, a motion to dismiss a claim for . . . unjust enrichment on these grounds is premature." Williams v. Bear Stearns & Co., 725 So.2d 397, 400 (Fla. 5th DCA 1998).

Id. at *36-37

### Defendant's Arguments as to Count III Fail

Defendant's similar arguments as to the Third Count also fail.  Homeclick has not admitted that it is bound by the transportation contracts with the Plaintiff and that it owes the subject freight charges; therefore, it cannot challenge count III for account stated on those grounds.  Additionally, although Count III is titled "open account" the actual allegations therein clearly state a cause of action for account stated, and therefore, the court should, pursuant to Rule 8(e), FRCP construe the count according to its substance as a cause of action for account stated[2].  Accordingly, as account stated requires no attachment, Homeclick's motion to dismiss fails in this regard as well.

---

[2] "Courts frequently treat claims for open account and account stated as substantially synonymous. 1 Am. Jur. 2d Accounts and Accounting § 4 (1962)." First Union Disc. Brokerage Servs., Inc. v. Milos, 744 F. Supp. 1145 [FN12] (S.D. Fla. 1990).

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Plaintiff
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: lroberts@lrobertsandassociates.com

By:     */s/ LAWRENCE J. ROBERTS*
            LAWRENCE J. ROBERTS, ESQUIRE
            Florida Bar No. 343218


### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 15, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Plaintiff
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: lroberts@lrobertsandassociates.com

By:     */s/ LAWRENCE J. ROBERTS*
            LAWRENCE J. ROBERTS, ESQUIRE
            Florida Bar No.: 343218

## SERVICE LIST

**Estes Express Lines v. Homeclick, LLC**
**CASE NO.: 1:16-cv-24626-KMW**
**United States District Court, Southern District of Florida**

**Notice will be electronically mailed to:**

Mark Goldstein, Esquire
Email: markgoldsteinattorney@gmail.com
1380 NE Miami Gardens Drive, Suite 205
Miami, FL 33179
Tel.: (305) 342-4839
Fax: (305) 572-7070

*Counsel for Defendant*